[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15259
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cv-60548-JIC


DR. MASSOOD JALLALI,

Plaintiff-Appellant
Cross-Appellee,

versus


NATIONAL BOARD OF OSTEOPATHIC MEDICAL EXAMINERS, INC.,
ANTHONY SILVAGNI,

Defendants-Appellees,
Cross-Appellants.


_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(May 15, 2013)

Before HULL, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Plaintiff Massood Jallali appeals the district court's dismissal of his amended complaint against the Defendants the National Board of Osteopathic Medical Examiners, Inc. (NBOME) and Anthony Silvagni. The Defendants cross appeal the district court's denial of their motions to declare Plaintiff Jallali a vexatious litigant. After review, we affirm both of the district court's rulings.

## I. Claims in Plaintiff's Amended Complaint

According to Jallali's amended complaint, Defendant NBOME administers the Comlex I and II medical examinations needed for medical licensure in all fifty jurisdictions in the United States. Defendant Silvagni is the Dean of the College of Osteopathic Medicine at Nova Southeastern University and a former NBOME consultant. After Jallali sat for the Comlex I and II medical exams, he sued NBOME in Florida state court. During a deposition in that state court litigation, an NBOME employee admitted destroying Jallali's exam sheets and other test materials before the expiration of the five-year retention policy spelled out in NBOME's contract with the State of Florida. The NBOME employee's admission is the basis for this federal action.

Jallali's amended complaint alleged, pursuant to 42 U.S.C. § 1983, that the Defendants conspired to violate Jallali's constitutional right of access to the courts

2

by destroying his Comlex I and II exam materials. (Count Three). The amended complaint also alleged a state law claim of civil conspiracy (Count Four) against both Defendants and state law claims of negligent spoliation of evidence (Count One), obstruction of justice (Count Two), and negligent supervision (Count Five) solely against NBOME.

Jallali's original complaint pled both federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Defendant NBOME is an Illinois non-profit corporation. But, Defendant Silvagni moved to dismiss the original complaint for lack of complete diversity, pointing out that both he and Jallali were Florida citizens.

Jallali then filed an amended complaint, alleging federal question jurisdiction over his § 1983 claim and supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over his state law claims, but otherwise asserting all of the same claims against the same Defendants.

## II.  Defendants' Motions to Dismiss Amended Complaint

The district court granted the defendants' motions to dismiss the amended complaint. Specifically, the district court dismissed with prejudice Jallali's § 1983 conspiracy claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because the amended complaint had not alleged that the Defendants had acted under color of state law. The district court concluded that the allegations in

3

the amended complaint did not satisfy any of the three tests for establishing state action by a private entity, including the public function test, the state compulsion test or the nexus/joint action test.  See Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347-48 (11th Cir. 2001); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).

The district court relied in part on Langston v. ACT, in which this Court concluded that the American College Testing Program, which administers the ACT test, was not a state actor under any of the three tests.  Langston, 890 F.2d 380, 384-85 (11th Cir. 1989); see also Johnson v. Educ. Testing Serv., 754 F.2d 20, 24-25 (1st Cir. 1985) (concluding the same with respect to a non-profit corporation that administered the LSAT test).  The district court also noted that, while Defendant NBOME administered the Comlex tests and reported scores, it was "not empowered to license physicians, a task left to the State of Florida."

Finding that Jallali's § 1983 conspiracy claim was the sole basis for original federal jurisdiction, the district court, pursuant to 28 U.S.C. § 1367(c)(3), declined to exercise supplemental jurisdiction over Jallali's state law claims.  In so doing, the district court pointed out that, without complete diversity, there was no basis for diversity jurisdiction, and that Jallali had made no arguments as to why his remaining state law claims should not be dismissed for lack of subject matter

4

jurisdiction.  The district court dismissed the state law claims without prejudice, however, so that Jallali could pursue them in state court.

In its dismissal order, the district court also denied the Defendants' motions to declare Jallali a vexatious litigant under the All Writs Act, 28 U.S.C. § 1651(a). The district court explained that it had dismissed only one of Jallali's claims on the merits and that the Defendants could seek relief in state court or in the courts where previous judgments against Jallali were rendered.

### III.  Plaintiff Jallali's Rule 59(e) Motion

Plaintiff Jallali filed a Federal Rule of Civil Procedure 59(e) motion to alter or amend the judgment asking the district court for leave to amend his complaint to remove Defendant Silvagni as a defendant so that he then could proceed against Defendant NBOME in diversity.

The district court denied the Rule 59(e) motion, finding that Jallali had not offered any grounds justifying reconsideration.  See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." (quotation marks and brackets omitted)).  The district court further stressed that Jallali: (1) "had every opportunity to amend his pleadings to remove Silvagni as a defendant in the earlier stages of this litigation"; (2) "was aware of the strategic risk he took in keeping Silvagni as a defendant to this action"; and (3) "could have sought leave to amend

his pleadings to enable him to argue diversity jurisdiction before [the district court's] Order of Dismissal was entered," but did not.  The district court concluded that Jallali's motion attempted to take "a second bite at the apple to take procedural steps that he should have taken before the Order of Dismissal was made."

## IV.  DISCUSSION

After careful review of the record and the parties' briefs, we conclude that the district court properly dismissed Plaintiff Jallali's amended complaint for the reasons outlined in the district court's well-reasoned order dated August 2, 2012. As the district court correctly concluded, Jallali's allegations, taken as true, do not establish that the Defendants acted under color of state law when they conspired to destroy Jallali's exam materials, which is necessary for § 1983 liability.

Further, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims.  The district court also did not abuse its discretion in denying Jallali's Rule 59(e) motion given that the motion did not assert any basis for relief under Rule 59(e).

With respect to the Defendants' cross appeal, we cannot say the district court abused its discretion in denying the Defendants' motions to declare Jallali a vexatious litigant.  The district court's judgment is affirmed in full.

**AFFIRMED.**